MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 146
Docket:        Yor-19-147
Submitted
  On Briefs:  September 10, 2019
Decided:       September 17, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

# IN RE CHILD OF KATHERINE C.

PER CURIAM

[¶1]  Katherine C. appeals from a judgment entered by the District Court (Biddeford, *Sutton, J.*) terminating her parental rights to her child.  *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (iv) (2018).  She argues that the court erred by finding that she is parentally unfit and that termination is in the best interest of the child.  We affirm the judgment.

[¶2]  "[I]n order to terminate parental rights[,] the court must find, by clear and convincing evidence, at least one of the four statutory grounds of parental unfitness."  *In re Children of Anthony M.*, 2018 ME 146, ¶ 8, 195 A.3d 1229 (alterations in original) (quotation marks omitted).  We will set aside a finding of parental unfitness "only if there is no competent evidence in the record to support it, if the fact-finder clearly misapprehends the meaning of the evidence, or if the finding is so contrary to the credible evidence that it does not represent the truth and right of the case."  *Id.* (quotation marks omitted).  "We

2

review the court's factual findings related to the child's best interest for clear error, and its ultimate conclusion regarding the child's best interest for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens." *In re Children of Christopher S.*, 2019 ME 31, ¶ 7, 203 A.3d 808 (quotation marks omitted).

[¶3]  Competent evidence supports the court's determination that the mother is parentally unfit.  Among the lines of reasoning set out in its judgment, the court explained with support in the record that the mother has a long-standing history of knowingly entering into domestic relationships with men who pose a substantial threat to the child.  The mother was aware that one of those men was abusing her child even before the child disclosed the abuse, but she refused to acknowledge it.  Even now, the mother does not have a proper understanding of the effects of the abuse perpetrated on her child, and she persists in her belief that her child should not have been removed from her care.  Because the mother is unwilling or unable to recognize the threat that her choices create for her child and is unwilling or unable to protect her child from that danger, the court properly concluded that she is parentally unfit.

[¶4]   Further, the court committed no error by determining that termination is in the child's best interest.  The court issued supported findings,

3

among others, that the child feels unsafe with her mother and that the child's trust in her mother has been "broken" because the mother did not protect the child from being abused. Indeed, although the child had been in departmental custody for two years at the time of the termination hearing, the mother's contact with the child still needed to be supervised because even short periods of unsupervised contact had created an unusual and damaging level of stress for the child.  Because of the mother's emotional and psychological challenges, the mother is not presently capable—nor will she be capable anytime soon—of engaging in safe and productive therapy with her child to repair their damaged relationship.  Furthermore, the mother's inability to answer difficult questions, especially related to her child's abuse, demonstrates that she is unable to "stand up" for her child.  Given the court's proper findings of the child's need for safety, security, and permanency, and the mother's established failure to have met those needs, the court did not err or abuse its discretion by concluding that termination is in the best interest of the child and that she should be freed for adoption.

The entry is:

Judgment affirmed.

Valerie A. Randall, Esq., Hanly Law, Portland, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Biddeford District Court docket number PC-2017-3
FOR CLERK REFERENCE ONLY