MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2020 ME 28
Docket:         Ken-19-447
Submitted
 On Briefs:     February 26, 2020
Decided:        March 5, 2020

Panel:          MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.


IN RE CHILD OF AMELIA C.


PER CURIAM

[¶1]  Amelia C. appeals from a judgment of the District Court (Augusta, *Nale, J.*) terminating her parental rights to her child.[1]  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii), (iv) (2018).  The mother argues that there was insufficient evidence to support the court's findings of parental unfitness.  She also asserts that the Department of Health and Human Services did not make reasonable efforts to reunify and rehabilitate her family.  *See* 22 M.R.S. § 4041(1-A)(A)(3) (2018).  We affirm the judgment.

## I.  BACKGROUND

[¶2]  In January 2018, the Department of Health and Human Services filed a petition for a child protection order for the child, who at that time was two years old.  Three months later, the court (*E. Walker, J.*) entered agreed-to

---

[1]  The mother has another child but that child is not the subject of this child protection action. References in this opinion to "the child" mean the child as to whom the mother's rights have been terminated.

jeopardy orders as to both parents. In January 2019, the Department filed a petition to terminate the mother's and father's parental rights.[2] After a two-day hearing in May and September 2019, the court (*Nale, J.*) entered a judgment terminating the parental rights of both parents.[3]

[¶3] The court made the following findings of fact, which are supported by competent record evidence. *See In re Children of Danielle M.*, 2019 ME 174, ¶ 6, 222 A.3d 608.

> [T]he minor child has been in State custody approximately 21 month[s]. The child is 44 months old. . . . [T]he mother has made no significant effort to correct the situation which led to the jeopardy finding.
>
> . . . [S]ince the Jeopardy order, the mother has been discharged three times . . . after attempting to complete the Maine Enhanced Parenting Program. The discharges were all for non-attendance. [The] [m]other has failed to maintain consistent contact with her providers, including the [Department] and her adult case manager; her lack of contact has caused suspension of her visits with her [child] for 3 plus weeks; [the] mother's participation in the drug testing line was unsuccessful because of her failure to follow through. Because [of the] mother's inability to participate in her [intensive outpatient program], she was offered individualized substance abuse treatment where she struggled to attend as scheduled. The mother's signed medication agreement was suspended for her failure to maintain contact with the [D]epartment. Subsequently, [the] mother signed a second medication agreement only to be discharged 6 weeks later for

---

[2] An amended petition was filed on February 1, 2019.

[3] The child's father did not appeal the court's judgment.

failing to be consistent with her call in schedule. [The] [m]other did access the . . . [s]helter and all of the programs through the shelter but did not adhere to the evening curfew. [The] [m]other did not spend a night at the shelter. [The] [m]other continued to reside with [the child's father].

. . . The mother was to participate in drug therapy for a 5 week period. The mother attended 14 of 24 sessions. [The] [m]other tested positive for cocaine 3 of the 4 tests given. [The] [m]other did not complete the program.

. . . [F]or the entire first year that her special needs [child] was in State care [the] mother failed to engage with the [Department], the services being offered or have any meaningful contact with her [child]. The minor child has been in State care since January 2018. . . . [T]he mother has only recently (April 2019) started being involved with mother-child visits. These visits, after nearly two years of separation[,] have progressed to two weekly supervised visits.

. . . [The] mother attended [mental health] counselling for 4 months, one visit each week. The mother's last visit was July 2019. The mother was discharged from the program after her failure to show for the last 3 scheduled visits.

. . . .

There is much left for the mother to do to alleviate jeopardy. She has [not] yet addressed her mental health issues in any meaningful way. Since being discharged from her mental health sessions for her failure to stay engaged, she has not addressed the mental health issues which placed her child in jeopardy.

Although the mother has made some progress in the past few months regarding her substance abuse she has never been able to sustain the effort to address her mental health issues and to truly separate from [the child's father].

. . . .

Based on the evidence before it, the court finds by clear and convincing evidence, that [the mother] meets two[4] of the four definitions of parental unfitness. Her history demonstrates that she is unable or unwilling to protect her child from jeopardy or to take responsibility for [the child] and these circumstances are unlikely to change within a time which is reasonably calculated to meet her [child's] needs. She has failed to make a good faith effort to rehabilitate and reunify with her [child]; not only has she been unable or unwilling to address her mental health issues, she elected to stay with her abuser long after the Summary Preliminary Order and the Jeopardy order addressed the relationship as an impediment to her reunification with her [child].

## II. DISCUSSION

A.    The Mother's Unfitness

[¶4]  The mother asserts that there was insufficient evidence to support the court's judgment terminating her parental rights.

[¶5]  "In order to terminate parental rights, the court must find, by clear and convincing evidence, at least one of the four statutory grounds of parental unfitness." *In re Child of Katherine C.*, 2019 ME 146, ¶ 2, 217 A.3d 68 (alterations omitted) (quotation marks omitted). "We will set aside a finding of parental unfitness only if there is no competent evidence in the record to

---

4   Although the court found that the mother meets "two of the four definitions of parental unfitness," it discusses three grounds on which it found parental unfitness. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii), (iv) (2018).

support it, if the fact-finder clearly misapprehends the meaning of the evidence, or if the finding is so contrary to the credible evidence that it does not represent the truth and right of the case." *Id.* (quotation marks omitted). "Evidence is clear and convincing when the trial court could have reasonably been persuaded on the basis of evidence in the record that the required factual findings were highly probable." *In re Child of Corey B.*, 2020 ME 3, ¶ 4, --- A.3d --- (quotation marks omitted).

[¶6]   Viewing the record in its entirety, we conclude that competent evidence in the record supports the court's finding that the mother is parentally unfit. *See In re Children of Danielle M.*, 2019 ME 174, ¶ 14, 222 A.3d 608.

B.   Reunification and Rehabilitation Services

[¶7]   The mother further contends that the court erred in finding that the Department had made reasonable efforts to reunify and rehabilitate her family. *See* 22 M.R.S. § 4041(1-A)(A)(3).

[¶8]   "The Department's compliance with its rehabilitation and reunification duties as outlined in section 4041 does not constitute a discrete element requiring proof in termination proceedings, nor does the failure of the Department to comply with section 4041 preclude findings of parental

unfitness." *In re Doris G.*, 2006 ME 142, ¶ 17, 912 A.2d 572. "Instead, the court should consider the lack of reunification efforts as one of many factors in evaluating the parent's fitness." *In re Daniel H.*, 2017 ME 89, ¶ 15, 160 A.3d 1182.

[¶9] Here, the court specifically found that the mother failed to consistently attend different types of programming provided by the Department such as drug therapy, mental health counseling, and parenting classes. The court also found that when one type of substance use treatment was unsuccessful, the mother was offered individualized treatment, which she also did not consistently attend. Therefore, we cannot conclude that the Department failed to "[m]ake good faith efforts to cooperate with the parent in the pursuit of the plan." 22 M.R.S. § 4041(1-A)(A)(3).

The entry is:

Judgment affirmed.

David Paris, Esq., Bath, for appellant Mother

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services